OMID KHORSHIDI, ESQ., Bar No. 220799
KHORSHIDI LAW FIRM
9454 Wilshire Blvd, Suite 702
Beverly Hills, California 90212
Telephone: (310) 273-2211
Facsimile: (310) 273-2240

Attorneys for Plaintiff,
WILLIAM RUETH

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUETH<br><br>Plaintiff,<br><br>vs.<br><br>HARRAH'S RINCON CASINO AND RESORT, a business entity, form unknown; HCAL CORPORATION, a corporation; HARRAH'S ENTERTAINMENT, INC., a corporation; HARRAH'S OPERATING COMPANY, INC., a corporation; RINCON BAND OF LUISENO INDIANS, a business entity, form unknown; and DOES 1 to 50, inclusive.<br><br>Defendants. | CASE NO.: **'11CV0772 LAB -RBB**<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE (DANGEROUS CONDITIONS - PREMISES LIABILITY)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFF, WILLIAM RUETH, AND FOR HIS CAUSE(S) OF ACTION AGAINST THE DEFENDANTS AND EACH OF THEM, ALLEGES AS FOLLOWS:

### PRELIMINARY STATEMENT

1. This lawsuit seeks redress on behalf of the William Rueth for injuries and damages he sustained as a result of slip and fall at the Harrah's Rincon Casino and Resort.

### JURISDICTION

2. Plaintiff is a citizen of the State of California and defendants are corporations incorporated under the laws Nevada and Delaware which have their principal places of business in a State other than the State of California. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, which is $75,000.

## VENUE

3. Venue for this case is proper in the Southern District of California under Title 28 United States Code § 1391(c) because defendants are corporations which shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and 28 USC § 1391(a)(2) because a substantial part of the events or omissions' on which the claims are based occurred in this district.

4. All the acts complained of herein occurred in Valley Center City, County of San Diego, State of California.

## PLAINTIFF

5. Plaintiff is an individual who is a competent adult and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

## DEFENDANTS

6. Defendant HARRAH'S ENTERTAINMENT, INC. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of Delaware, and, on information and belief, is authorized to do business in California, with its principle place of business in California unknown, doing business in San Diego County.

7. Defendant HCAL CORPORATION is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of Nevada, and, on information and belief, is authorized to do business in California, with its principle place of business in California unknown, doing business in San Diego County. HCAL Corporation is a wholly owned subsidiary of defendant Harrah's Entertainment, Inc.

8. Defendant HARRAH'S OPERATING COMPANY, INC. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of Delaware, and authorized to do business in California, with its principle place of business in California unknown, doing business in San Diego County. Harrah's Operating Company, Inc. is a wholly owned subsidiary of defendant Harrah's Entertainment, Inc.

///

///

Complaint - Rueth v Harrahs Rincon Casino.wpd

COMPLAINT FOR DAMAGES FOR NEGLIGENCE (DANGEROUS CONDITIONS - PREMISES LIABILITY)

2

9. At all times mentioned in this complaint, Defendants, and each of them, on information and belief, planned, financed, constructed, staffed, managed, promoted, owned, operated and controlled a for-profit Casino known as Harrah's Rincon Casino which is located on the Rincon Indian Reservation near Valley Center in San Diego, California.

10. At all times herein mentioned defendants, and each of them, owned, maintained, controlled, repaired, inspected, operated, and managed the business premises known as Harrah's Rincon Casino and Resort located at 777 Harrah's Rincon Way, city of Valley Center, County of San Diego, State of California.

11. The hotel and casino is owned and controlled by the Rincon San Luiseno Band of Mission Indians aka Rincon Band of Luiseno Indians Tribe.

12. Defendant RINCON BAND OF LUISENO INDIANS ("RINCON" or "Defendant") is business entity located within the County of San Diego, and within this judicial district.

13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and therefore, sues these defendants by such fictitious names.

14. Plaintiff is informed and believes and thereon alleges that defendants, and each of them and DOES 1 through 50, inclusive, are and at all times herein mentioned were, a business entity licensed and authorized to do business in the County of San Diego, State of California.

15. At all times herein mentioned, each defendant was the agent, servant, and employee of the remaining co-defendants, and in doing the acts as alleged herein, was acting within the course and scope of such agency, employment, with the knowledge, consent and permission of the remaining co-defendants.

16. Plaintiff is informed and believes that the Doe defendants are California residents or business entities formed and existing under the laws of California or authorized to do business in California and that these Doe defendants participated in the conduct alleged in this complaint and are jointly and severally responsible for the damages sustained. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

17. At all times pertinent herein, each Defendant is sued as the agent, employee, or representative of the remaining Defendants and/or the Rincon Tribe, and Plaintiff is informed and believes these Defendants were acting at least in part within the scope of authority of such relationship while doing or omitting to do such acts alleged in this complaint and with the consent approval and/or ratification of all other Defendants and/or the Rincon Tribe, which establishes either direct or vicarious liability, and that all Defendants and/or the Rincon Tribe have encouraged, permitted, aided or abetted and or conspired together to commit the wrongful acts and omissions being asserted it this complaint which have caused Plaintiff's injuries.

18. Plaintiff is informed and believes and thereon alleges that defendants, and each of them and DOES 1 through 50, inclusive, are and at all times herein mentioned were, a business entity licensed and authorized to do business in the County of San Diego, State of California.

19. At all times herein mentioned, each defendant was the agent, servant, and employee of the remaining co-defendants, and in doing the acts as alleged herein, was acting within the course and scope of such agency, employment, with the knowledge, consent and permission of the remaining co-defendants.

20. That the true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 50, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names, and that when the true names and capacities of said defendants are ascertained, plaintiff will amend this Complaint accordingly; plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE is responsible in some manner for the events and happening herein referred to and caused injuries and damages proximately thereby to plaintiff, as herein alleged.

21. This Court is the proper Court because injury to Plaintiff occurred in its jurisdictional area.

///

**FIRST CAUSE OF ACTION**

**(Personal Injury/Negligence as against Defendants and DOES 1-50, inclusive for Premises Liability and General Negligence)**

22. Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 20, as fully set forth herein.

23. This action is brought pursuant to the tort liability ordinance setting forth terms and conditions under which the Tribe waives immunity to suit for money damages resulting from intentional or negligent injuries to persons or property at the gaming facility or in connection with the Tribe's gaming operation, including procedures for processing any claims for such money damages

24. That on or about April 12, 2009, plaintiff was lawfully on defendants' premises for the mutual benefit of plaintiff and the defendants, and each of them.

25. At the aforementioned time and place, defendants, and each of them, so negligently maintained, owned, managed, controlled and repaired the hotel tub and shower glass on the premises so as to allow the accumulation of hazardous and dangerous water on the ground of the hotel room bathroom causing Plaintiff to slip and fall on the accumulated water after taking a shower.

26. The broken or malfunctioning shower which caused the accumulation of water on the floor was a dangerous condition known, or in, the exercise of ordinary and reasonable care should have been known, to defendants, and each of them, in adequate time for a reasonable prudent person to have fixed the defective shower or properly warned persons, including plaintiff, of the dangerous condition.

27. Harrah's and the Tribe knew or should have known of the existence of these the dangerous condition for a sufficient time prior to the incident to have taken measures to protect Plaintiff against the Dangerous Condition.

28. As a proximate result of said negligence of the defendants, and each of them, plaintiff did slip on the subject water exiting the shower of his hotel room, sustaining severe injuries and damages.

COMPLAINT FOR DAMAGES FOR NEGLIGENCE (DANGEROUS CONDITIONS - PREMISES LIABILITY)

5

29. That as a proximate and direct result of the negligence, recklessness and carelessness of the defendants, and each of them, plaintiff has sustained, and in the future is certain to sustain disabling, serious and permanent injuries, pain, suffering and mental anguish in connection therewith, all to his general damages in a sum according to proof at trial.

30. That as a further, direct and proximate result of the negligence, recklessness and carelessness of the defendants, and each of them, plaintiff, WILLIAM RUETH has incurred and will in the future incur medical and sundry expenses in the examination, care and treatment of his injuries, the exact nature and extent of which are unknown to plaintiff at this time, and plaintiff will ask leave of court to amend this Complaint in this regard when the same are ascertained.

31. A timely Notice of Injury was filed within one hundred eighty (180) days of the incident giving rise to the claim against or with the Rincon San Luiseno Band of Mission Indians or its Tribal Council to the Risk Manager — Administrative Officer at Harrah's Rincon Casino and Resort as required by the Rincon Patron Tort Claims Ordinance.

**WHEREFORE**, plaintiff prays for judgment against the defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages, including property damage, medical and related expenses, in an amount to be determined by proof at trial.
3. For past and future lost earnings in an amount to be determined by proof at trial.
4. For damages for impairment of earning capacity in an amount to be determined by proof at trial.
5. For the costs of suit incurred herein; and
6. For such other and further relief as the court may deem just and proper.

Respectfully submitted:

April 11, 2011

By _____
OMID KHORSHIDI
Attorney for Plaintiff
WILLIAM RUETH

≫JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WILLIAM RUETH

**DEFENDANTS**
HARRAH'S RINCON CASINO AND RESORT, a business entity, form unknown; et al.

(b) County of Residence of First Listed Plaintiff **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
KHORSHIDI LAW FIRM, 9454 Wilshire Blvd, Suite 702
Beverly Hills, California 90212, Telephone: (310) 273-2211

Attorneys (If Known)

**'11CV0772 LAB -RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 Diversity; 28 U.S.C. 1391(c)
Brief description of cause:
Slip and fall accident at an Indian Casino & Hotel

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 04/12/2011
SIGNATURE OF ATTORNEY OF RECORD
OMID KHORSHIDI SBN 220799

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____